IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GALVESTON-TEXAS CITY PILOTS ASSOCIATION | § § § § | |
| v. | § | C.A. NO. _____ |
| CARNIVAL CORPORATION; ROYAL CARIBBEAN CRUISES, LTD.; and THE FLORIDA-CARIBBEAN CRUISE ASSOCIATION | § § § § § § | |

**NOTICE OF REMOVAL**

Carnival Corporation ("Carnival"), Royal Caribbean Cruises Ltd. ("Royal Caribbean") and the Florida-Caribbean Cruise Association ("FCCA") (collectively referred to as the "Cruise Lines"), file this Notice of Removal under 28 U.S.C. §§1441 and 1446 and, in support thereof, respectfully state as follows:

## I.
## BACKGROUND FACTS AND GROUNDS FOR REMOVAL

1. On September 23, 2009, the Cruise Lines filed an Original Petition for Judicial Review in the District Court of Galveston County, Texas, 212th Judicial District, seeking review of a certain actions, and inaction, of the Board of Pilot Commissioners for Galveston County Ports (the "Board") with respect to rate hearings concluded August 24, 2009.[1]

2. On December 4, 2009, the Galveston-Texas City Pilots Association (the "Pilots") filed a Plea in Intervention, with Special Exceptions and Plea to Jurisdiction. In their Intervention, the Pilots also alleged numerous tort and contract claims against the Cruise Lines.

---

[1] The Cruise Lines' Petition for Judicial Review was filed pursuant to TEX. TRANSP. CODE §§67.022 and 67.067, both of which confer jurisdiction on the District Courts of Galveston County for review of Board action.

3. On February 5, 2010, the 212th District Court of Galveston County dismissed the Petition for Review of the Board's actions for lack of subject matter jurisdiction, but expressly retained jurisdiction over the Pilots' tort and contract claims against the Cruise Lines.

4. The Cruise Lines now remove the Pilots' tort and contract claims against them to the United States District Court for the Southern District of Texas, Galveston Division, because the February 5, 2010 Order of the 212th District Court of Galveston County terminated the Cruise Lines as parties seeking affirmative relief and, by allowing the Pilots' claims to proceed, rendered the Cruise Lines purely diverse Defendants.[2] The Cruise Lines filed this Notice of Removal within thirty (30) days after receiving the February 5, 2010 Order from the 212th District Court of Galveston County and within one year of commencement of the suit.[3]

5. Removal is proper because the parties are diverse within the meaning of U.S. CONST. ART. 3, §2 and 28 U.S.C. §1332(a).

6. Carnival Corporation, Royal Caribbean Cruises Ltd., and the Florida-Caribbean Cruise Association are all foreign citizens.[4] The Galveston-Texas City Pilots Association is a self-described "voluntary unincorporated association in the State of Texas" and "[e]ach Pilot Shareholder is a resident of the State of Texas." *See* the Pilots' Plea in Intervention, filed with this Notice of Removal, at page 6, paragraph 17.

7. Removal is also proper because the remaining claims at issue arise out of a maritime contract and, therefore, admiralty jurisdiction exists pursuant to 28 U.S.C. §1333.

---

[2] *See* 28 U.S.C. §446(b) (stating that "the notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an . . . order or other paper from which it may first be ascertained that the case is one which is or has become removable").
[3] *See* 28 U.S.C. §1446(b); *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 629-30 (7th Cir. 2007); *Ritchie v. Williams*, 395 F.3d 283, 287 n.2 (6th Cir. 2005).
[4] Carnival Corporation is a Panamanian Company. Royal Caribbean Cruises Ltd. is a Liberian corporation. The Florida-Caribbean Cruise Association is a non-profit organized under the laws of Florida.

8. Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this Notice as required by 28 U.S.C. §1446(a) and Local Rule 81.

9. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

10. The Cruise Lines will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

## II.
## JURY DEMAND

The Cruise Lines demand a jury in these proceedings and have tendered the appropriate fee. *See* FED. R. CIV. P. 81(c)(3)(B).

## III.
## CONCLUSION

For the foregoing reasons, Carnival Corporation; Royal Caribbean Cruises Ltd.; and the Florida-Caribbean Cruise Association, respectfully remove this suit to the United States District Court of the Southern District of Texas, Galveston Division.

Respectfully submitted,

FOWLER RODRIGUEZ VALDES-FAULI

/s/ Justin W. R. Renshaw
_____
Justin W. R. Renshaw
Texas Bar No. 24013392
1331 Lamar, Suite 1560
Houston, Texas 77010
Phone: 713-654-1560
Fax:    713-654-7930
jrenshaw@frvf-law.com

*Attorneys for Carnival Corporation,
Royal Caribbean Cruises, Ltd. and
The Florida-Caribbean Cruise Assoc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a true and correct copy of the foregoing instrument to all counsel of record on this the 2nd day of March, 2010.

*VIA FACSIMILE: (888) 805-0068 AND*
*VIA CERTIFIED MAIL/RRR*
Thomas N. Lightsey, III
3401 Allen Parkway, Suite 100
Houston, Texas 77019

/s/ Justin W. R. Renshaw
_____
Justin W. R. Renshaw

# LIST OF COUNSEL

Re:   Cause No. 09-CV-1729; *Carnival Corporation, et al. v. The Board of Pilot Commissioners for Galveston County Ports, et al.;* In the District Court of Galveston County, Texas, 212th Judicial District

Justin W.R. Renshaw
Fowler Rodriguez Valdes Fauli
1331 Lamar, Suite 1560
Houston, Texas 77010
***Attorney for Plaintiffs, Carnival Corporation, Royal Caribbean Cruises, Ltd. and The Florida-Caribbean Cruise Assoc.***

Anthony P. Brown
McLeod, Alexander, Powel & Apffel P.C.
802 Rosenburg
P.O. Box 629
Galveston, TX 77553-0629
***Attorney for Plaintiff-Intervenors, The Board of Trustees of the Galveston Wharves AKA Port of Galveston and Galveston Port Facilities Corporation***

James Crowson
Office of the Attorney General of Texas
300 West 15th Street
Austin, TX 78701
***Attorney for Defendants, The Board of Pilot Commissioners for Galveston County Ports***

Thomas N. Lightsey, III
Law Offices of Thomas Lightsey III, P.C.
3401 Allen Parkway, Suite 100
Houston, Texas 77019
***Attorneys for The Galveston-Texas City Pilots Association, Defendant-Intervenor***

# **INDEX OF DOCUMENTS IN C.A. NO. 09-CV-1729**

Civil Docket Sheet for Cause 09CV1729 in 212th Judicial District Court, Galveston County

Executed Service of Process to Eddie Janek

Executed Service of Process to Vandy Anderson

Executed Service of Process to Sally Prill

Executed Service of Process to James Toups

Executed Service of Process to Diane Kerkhove

Original Petition for Judicial Review (with Exhibits)

The Port of Galveston and GPFC's Original Petition in Intervention (with Exhibits)

Petitioners' First Amended Petition for Judicial Review and Original Application for Injunctive Relief

Board of Pilots Plea to Jurisdiction and Original Answer

Intervenors' Special Exceptions to Defendants' Original Answer

Galveston Pilots Plea to Jurisdiction, Special Exceptions and Plea to Jurisdiction

Pilots First Amended Original Answer and Plea to Jurisdiction

First Amended Petition in Intervention

Intervenor's Response to Pilot's and Board's Pleas to the Jurisdiction

Pilot's Reply to Response to the Pleas to Jurisdiction

Defendants' Brief in Support of Plea to Jurisdiction

Intervenors' Response to Defendants' Brief in Support of Plea to Jurisdiction

Order Granting Defendants' Plea to Jurisdiction

Order Granting Defendants' Plea to the Jurisdiction

Order Granting Temporary Restraining Order